**Marion Bob POSEY et al., Appellants,**

v.

**Shirley POSEY, Appellee.**

No. 16594.

Court of Civil Appeals of Texas.

Fort Worth.

Jan. 22, 1965.

Rehearing Denied Feb. 19, 1965.

Allred & London, and Renne Allred, Jr., Bowie, for appellants.

Coffield & Jones, Bowie, and Ernest May, Fort Worth, for appellee.

MASSEY, Chief Justice.

All proceedings below were by the trial court sitting without a jury.

At one time, during the course of the events culminating in the judgment from which this appeal has been taken, the father of Marion Bob Posey, an appellant, was alive and participating. Nina Posey, also an appellant, mother of Marion Bob Posey, succeeded to her husband's interest as of the time of any judgment to which we may refer. For purposes of simplification in our

explanation of events, we can safely treat the mother as having been in the position which was actually hers alone as of the date of the final judgment.

Shirley Posey, appellee, was formerly the wife of Marion Bob Posey. It was by cross-action that she sought and obtained a divorce.

Hereinafter the foregoing parties will be referred to as Marion Bob, Shirley, and Nina.

Pending on the docket of the District Court of Montague County, Texas, at one and the same time, were Causes Nos. 14,120 and 14,267. Under the issues made between Marion Bob and Shirley under Cause No. 14,120 was the matter of Shirley's entitlement to a decree of divorce, and also the matter of the proper division of the community property of the parties. Nina was a party to that suit under Shirley's allegations that some of the community property of herself and Marion Bob was in Nina's hands and/or held by her as a trustee. Following a hearing on the merits of the divorce case, the trial court entered a decree wherein it was declared that Shirley was entitled to and awarded a divorce and custody of her children. An amount was also awarded to her as an attorney's fee.

The decree did not purport to divide the "certain community property" treated as belonging to the parties, without identification made. As part and parcel of the decree the Court directed: " * * * it would be to the best interest of the parties that a receiver be appointed with instructions to take charge of and sell such property and hold the proceeds thereof until further ordered by the court. * * *" The Court proceeded to order the appointment of a disinterested attorney as the receiver to perform such duty. However, this attorney never qualified as a receiver and never undertook to perform any of the duties directed to be performed.

Under Cause No. 14,267 Nina was suing to collect debts evidenced by certain promissory notes executed by Marion Bob. From the record as a whole, it would appear that the latter was not asserting any defense to his mother's suit. In any event, Shirley felt it advisable to intervene and advance all possible defenses which might operate to defeat Nina's claim in order that the size of the community estate of herself and Marion Bob would not be unjustly diminished. She did intervene and became a party to the suit.

After the time of the interlocutory decree in the divorce case (Cause No. 14,120), the issues in the suit upon the matter of debt, evidenced by notes (Cause No. 14,267) had not yet been tried. The trial court entered an order consolidating the two cases under the latter number, for the dual purpose of determining for what, if anything, the parties might be entitled to judgment as against one another. It is from the judgment rendered under Cause No. 14,267, the consolidated case determining the property rights of all three of these parties, that Marion Bob and Nina have perfected a joint appeal. In its judgment the Court ignored the fact that there had been an earlier provision for a receiver. Since the person named as receiver never qualified it would be proper to treat such provision of the former decree as though no receiver had ever been named.

By their appeal Marion Bob and Nina have obviously waived any contention by either as against the other, although their interests would in law be adverse. The situation is such that Marion Bob must be treated as obligated to pay Nina at least as much as the amount awarded Nina in judgment as against him, though it might be our conclusion that Nina's judgment as against him be excessive,—and Nina must be treated as entitled to no more as against Marion Bob than was awarded her by the judgment, though it might be our conclusion that Marion Bob had a greater obligation to her than was decreed.

The nature of the appeal is such that the ultimate matter for determination is wheth-

er Shirley was awarded property constituting no part of the community estate of Marion Bob and Shirley in that it belonged to Nina,—and whether the court erred in its determination of the indentity and extent of the community property divided between Marion Bob and Shirley, and/or erred in the division thereof between them.

■ A substantial number of the points of error are overruled in view of our conclusion that the prior interlocutory judgment of divorce was part and parcel of the final judgment from which the appeal was perfected. The form of the judgment entered in the divorce case prior to the order of consolidation settled certain matters. In other words, pursuant to the grant of a divorce of the parties, all matters in controversy and made issues requiring determination pursuant to any final decree of divorce, *except upon the matter of property division*, were settled thereby. The decree was an interlocutory judgment which did not become final and appealable until the entry of judgment after the trial following the consolidation of the causes. Though Marion Bob and Shirley were thereby divorced, they were not divorced by a form of decree of which either could complain on any appeal, the case not having become "ripe for appeal" because of the persisting issues not then disposed of. The order of consolidation necessarily carried along with it, as part and parcel of the consolidated causes (and whether the parties, or the court, understood such legal result), the issues upon which a decree had been rendered in the form of an interlocutory judgment. That the interlocutory judgment did not affirm its character to be such was immaterial. It was interlocutory because issues made by the pleadings in the divorce case—those upon proper property division—remained and persisted as matter of dispute after the entry of the decree. These issues were not finally determined thereby, but were *finally* determined by the judgment which was rendered after the trial of the consolidated causes. See Vernon's Ann.Civ.

Tex.St., Article 4638, and cases annotated thereunder relative to when it is essential to finality of judgment decreeing divorce that property rights be adjudicated.

One point of error, obviously that of Marion Bob, contends that there was "no evidence" before the court which would justify a judgment of divorce in favor of Shirley. In this connection it was pointed out that the statement of facts contained no evidence bearing upon the matter of that cruel treatment on the part of Marion Bob, on account of which Shirley contended she was entitled to a divorce. Yet the certificate to the statement of facts, signed by all the attorneys in the case, recited that they "do hereby agree that the foregoing 322 pages, comprising Volumes I and II, constitute a full, true, and correct transcript in Question and Answer form of all the testimony and proceedings had, and all documentary evidence introduced during the trial of said cause."

It is obvious from the whole record, and from the briefs of the parties, that some if not all the participants on the trial of the property matters had a distorted view of the legal situation. We have already explained that the decree of divorce was an interlocutory judgment which would not become final and appealable until by a further decree the community property of Marion Bob and Shirley was divided. Yet, these participants treated the interlocutory judgment as a final judgment rendered in an unrelated case, hence the form of the certificate to the statement of facts by which the attorneys purportedly agreed that it contained all the testimony.

In the statement of facts appears the testimony of Marion Bob. He is the only party on appeal who would be entitled to contest the granting of a divorce to Shirley. From such testimony it is obvious that Marion Bob was not only happy that he and Shirley be divorced, he considered himself wholly and completely divorced from her at the time of the trial of the property issues. Indeed, the testimony showed that as

of the very time he was testifying he and another woman (not Shirley) had agreed to marry, although the nuptial date was not set.

The recitations of the interlocutory decree, the judgment awarding Shirley a divorce, showed that Marion Bob, in person, was present before the court at a hearing where the matter under consideration was the propriety of such an award. They further showed that the court's decree was entered after having heard the pleadings, evidence, and argument of counsel.

■■ It is obvious therefore that a completion of the statement of facts filed in this court, by a suggestion that a further statement of facts be furnished under the provisions of Texas Rules of Civil Procedure, rule 428, "Amendment: Record", would demonstrate that there was some evidence of probative force to support the interlocutory judgment of divorce. We do not believe that an appellate court is obliged to order supplementation of the statement of facts under situations where to do so would accomplish no good object, but would merely increase the costs on appeal. Indeed, to do so in the instant situation would not be warranted unless it be made to appear at some stage of the proceedings, as upon a motion for rehearing, that even were such directed, yet the point of error under consideration would be such as should be sustained, thus requiring a reversal of the judgment with remand of the cause for at least a retrial of the issues upon Shirley's entitlement to a divorce.

The point of error is overruled.

■ In none of the points of error has Marion Bob asserted that the division of property made in connection with pronouncement of a decree of divorce pursuant to V.A.T.S., Article 4638, "Division of property", amounted to an abuse of discretion on the part of the court. There was no request for findings of fact and conclusions of law and none were filed. In the body of the judgment appealed from such property as was awarded or apportioned to Shirley was so decreed "as her portion of said community estate" (community property of Marion Bob and Shirley). Our appellate courts have held that a trial court is vested with wide discretion and that on appeal a judgment dividing community property should be sustained except when it clearly appears that there has been an abuse of discretion. In view of the absence of any complaint of abuse of discretion all those remaining points of error, which might be construed to contend that the trial court erred in its award of community property to Shirley, avail Marion Bob nothing. As between Shirley and Marion Bob, we must hold that Shirley is entitled to receive the property awarded to her. This does not mean, however, that Nina is in any way hampered in her contention that Shirley was not entitled to any of the property so awarded because such was not, in fact, community property,—but belonged to her.

■ Hence, of the remaining points of error only one remains to be considered from the standpoint of a complaint by Marion Bob. Therein he complains because the trial court refused to permit him to make certain proof with reference to his inventory and appraisement filed pursuant to provisions of V.A.T.S., Article 4635, "Inventory and appraisement", in view of demand made by Shirley. In connection therewith we note that Marion Bob never made or tendered an amended or corrected inventory and appraisement, and never at any time plead that any mistake was made therein. Further, from an examination of Marion Bob's bill of exceptions it is disclosed that he did not deny that the property and ownership reflected therein was false or incorrect, but merely that he told attorney Lovette (Nina's attorney), who prepared the instrument for him, that certain property reflected therein was not owned by him at the time. Considered as a point of error advanced by Marion Bob, it is overruled.

Considered as a point of error advanced by Nina it is likewise overruled. We have already pointed out the failure under the bill of exceptions to establish that the inventory and appraisement was incorrect. Furthermore, the evidence established that Nina was a party to the suit, under Shirley's pleadings in cross-action for divorce, at the time the inventory and appraisement was prepared and filed. Indeed, it seems that attorney Lovette, who prepared the same in behalf of Marion Bob, was Nina's rather than Marion Bob's attorney, and that his services were afforded because he was employed by Nina. Under these circumstances Nina was charged with knowledge and notice of the existence and contents of the instrument at all material times.

The remaining points of error have relation solely to Nina's complaints as against Shirley and the judgment. Nowhere is Nina complaining of Marion Bob, or because of any dispute arisen because of anything he received by the judgment with corresponding denial of any right she believes herself entitled.

By two of the points Nina complains because the judgment of the trial court failed to give her a personal judgment against Shirley in connection with six notes, five having been given by and purporting to have been the obligation of Marion Bob prior to the date divorce proceedings were instituted, and one in connection with the balance owing on a note referred to as The Swinson Note. Nowhere in Nina's pleadings is there any prayer for a personal judgment against Shirley. The points of error are overruled.

By a good many points of error Nina complains because of the award to Shirley of certain lots in various blocks in additions to the City of Bowie, all of which properties are to be found listed in the Inventory and Appraisement filed pursuant to divorce proceedings. As heretofore mentioned this instrument was filed at a time when Nina was a party to the litiga-

tion in which it was filed, and the same was prepared by her attorney though executed by Marion Bob. The points of error are overruled.

From what we have heretofore said it is our intention to and we do overrule all Nina's points of error, save that which we will now proceed to discuss.

In the judgment rendered below the trial court, as part of the total properties found to constitute the community estate of Marion Bob and Shirley, awarded the latter an "One-half interest in $10,000.00 second Vendor's Lien note executed by C. D. Swinson et ux, and payable on its face to Mrs. Nina Posey, described in Deed recorded in Vol. 477, page 506, Deed Records of Montague County, Texas." Nina's point of error with reference thereto amounts to a contention that there was "no evidence" that the balance owing on such note constituted any part of the community estate. If she is correct the judgment of the trial court was, of course, in error in awarding Shirley any interest therein. From the evidence it appears that about two-thirds of the principal owing on the note has been paid, though it is past due and there is some interest owing. Neither the note, nor the balance owing thereon, was listed in the Inventory and Appraisement which has been a previous subject of our discussion.

We sustain the point of error. It is somewhat difficult to describe with clarity the state of the evidence bearing upon the question of "no evidence". Restated: the question is whether the events hereinafter narrated constitute evidence having probative force and effect which shows that a certain $10,000 note was, as of the time of its execution, the property of Marion Bob. If it was his property then it was a part of the community estate.

Nina held legal title to a parcel of property in the City of Bowie. She had a prospective purchaser therefor by the name of Levy. Marion Bob handled at least a por-

tion of the negotiations leading up to the consummation of the sale to Levy. He participated in closing the transaction. By the closing Levy paid as the cash portion of the transaction the sum of $8,595.26. His check therefor was taken by Marion Bob and deposited in one of his accounts. In addition to the title instrument delivered by Nina to Levy the latter demanded an additional instrument. It seems that there was an alleyway adjacent to the property, the boundaries of which might become the subject of a controversy between the property owner and the city. Against this contingency Levy desired protection. To satisfy him an indemnity agreement was executed by Nina (along with her then living husband) and Marion Bob. One paragraph thereof read, as follows: "The undersigned, Marion Bob Posey, hereby represents that he is an interested party in this transaction and expects to and will receive a consideration out of the purchase money and joins herein in a contractual capacity and not merely as a surety."

The $8,595.26 delivered by Levy as "cash" was taken by Marion Bob and deposited in one of his accounts. There it remained until a later time when certain real estate became available for purchase. It was desired that a purchase thereof be made whereby title thereto was taken in the name of Nina. There is no evidence that in the acquisition of the legal title by Nina she did not receive the entire equitable title as well. However, in connection with the "cash" deliverable upon said purchase transaction Marion Bob withdrew $7,500.00, out of the account in which the $8,595.26 had been deposited, and delivered it to the grantor who deeded the property to Nina. Marion Bob testified that the entire $8,595.26 deposited was Nina's money, and that the $7,500.00 was a portion thereof (of Nina's money he had deposited to his own credit). No explanation was ever made concerning any disposition of the difference between the $7,500.00 and the $8,595.26.

Later in time there appeared a prospective purchaser for this same property (that property for the purchase of which the $7,500.00 had been expended). This prospect was a Mr. Swinson. Swinson purchased the property. Consummation of the sale and purchase and transaction involved Nina's execution of a deed thereto conveying the property. Swinson's consideration consisted in the delivery to Nina of $3,228.08 in cash, the delivery of a first Vendor's Lien Note (secured by a Deed of Trust) to a financing institution, and in the delivery to Nina of a $10,000.00 second Vendor's Lien Note. It is this $10,000.00 note, or the balance due or to become due thereon, which is the subject of the point of error. There was no evidence concerning an interest of Marion Bob in and to the $10,000.00 note not covered by our statement hereinabove.

■ We do not believe that there was any evidence showing that Marion Bob and/or Shirley ever received any interest in the $10,000.00 note. If there was, the extent of such interest was not shown. This is true whether the test applied is as to whether it amounts to direct or indirect evidence. The burden of proof lay upon either Marion Bob or Shirley. Exigencies of the case were such that Shirley assumed such burden of proof. Our holding is that she did not successfully discharge it.

Judgment of the trial court is reformed so as to delete the award of any interest in the $10,000.00 Vendor's Lien Note executed by C. D. Swinson, et ux, payable on its face to Mrs. Nina Posey described in Deed recorded in Vol. 477, page 506, Deed Records of Montague County, Texas, the owner thereof being Mrs. Nina Posey. As so reformed the judgment is affirmed.