**COMMERCIAL STANDARD INSURANCE COMPANY, Appellant,**

**v.**

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Appellee.**

No. 843.

Court of Civil Appeals of Texas, Corpus Christi.

April 25, 1974.

Rehearing Denied May 23, 1974.

O. F. Jones, Victoria, for appellant.

Daryl Bristow, Baker & Botts, Houston, for appellee.

## OPINION

BISSETT, Justice.

This is a suit by one insurance company against another insurance company for a

declaratory judgment that the sued company be required to pay the suing company part of a money settlement which the suing company negotiated with a third party in a prior lawsuit. Commercial Standard Insurance Company hereinafter called "Commercial Standard" on April 26, 1972, instituted suit against Southern Farm Bureau Casualty Insurance Company hereinafter called "Farm Bureau" for contribution out of a $52,000.00 settlement which Commercial Standard had negotiated in the prior lawsuit. Following a jury trial, a take nothing judgment was rendered in favor of Farm Bureau. Commercial Standard has appealed. We affirm.

Certain facts are undisputed. At all times pertinent to this appeal, 1) there was in force and effect a policy of general automobile liability insurance that was issued by Commercial Standard to Dye Trucking Company, which policy provided that under certain circumstances the policy was applicable to a truck which was not owned by Dye, but which was being operated in behalf of Dye's business; and 2) there was in force and effect a policy of general automobile liability insurance that was issued by Farm Bureau to one Aubrey L. Johse. On September 18, 1970 (when both insurance policies were in force), Johse, the owner-operator of a truck while hauling gravel for Dye under a contract, was involved in a collision with a vehicle then being driven by one Jesus Gomez. Suit was filed by Gomez against Johse on November 1, 1971, to recover for severe personal injuries sustained by him in the accident. Johse, who was served with citation on November 9, 1971, promptly delivered the petition and citation to Dye, who, in turn, delivered the same to Commercial Standard. An answer in behalf of Johse was filed by Commercial Standard on November 18, 1971. On March 20, 1972, Commercial Standard made a formal request that Farm Bureau defend Johse in the suit that was filed against him by Gomez. The Gomez-Johse case was set for trial on March 27, 1972. Commercial Standard, by letter dated March 24, 1972,

advised Farm Bureau that it had agreed to pay Gomez $52,000.00 in settlement of the suit and demand was made that Farm Bureau pay its part of the settlement figure in accordance with the terms of the policy which it had theretofore issued to Johse. Farm Bureau refused.

Commercial Standard contended that it learned of Farm Bureau's policy on or about December 15, 1971, inquired into the coverage provided by the policy, requested Farm Bureau to assume its liability thereunder, but that Farm Bureau failed to answer the inquiry directly. Farm Bureau disputed that contention. It asserted that it had no notice of the Gomez-Johse litigation until it received a letter from counsel for Commercial Standard dated December 15, 1971, "addressed to Tom Dean, whose area of responsibility did not in any way involve the accident". It further asserted that no suit papers were delivered along with the letter and no demand was made for a defense until March 20, 1972, which was only a matter of days before the case was set for trial. Johse did not himself forward the suit papers or make a demand for a defense upon Farm Bureau. This was done by counsel for Commercial Standard. The agreement to pay Gomez $52,000.00 in settlement of his case was made without notice to Farm Bureau, and without its approval or consent.

Trial to the jury commenced on October 25, 1972. The jury, in response to the special issues that were submitted, in substance, found: 1) Farm Bureau did not in any way effect a waiver of its right to deny coverage for breach of policy conditions; 2) there was no substantial compliance with Farm Bureau's policy requirement that it immediately be provided with every demand, notice, summons or other process; 3) Johse did not make a demand upon Farm Bureau to provide him a defense but, rather, affirmatively instructed Farm Bureau to refrain from participating in the defense; 4) neither Johse nor Commercial Standard, as soon as reasonably practicable, forwarded every demand, no-

tice, summons, or other process received by them in connection with the Gomez-Johse litigation; 5) the demand for a defense which was made at a time such that Farm Bureau would have been prejudiced in its defense of the case had it assumed responsibility for providing a defense; and 6) Commercial Standard failed to prove that the moneys paid to Gomez were paid under its insurance policy in the interest of Johse or that the $52,000.00 payment was fair and reasonable. The jury verdict was returned on October 27, 1972, but judgment was not rendered until July 9, 1973.

Commercial Standard's brief contains 80 points of error. Most of them cannot be considered since the asserted errors were not preserved for appellate review.

■ Counsel for Commercial Standard, with the consent of all parties and before the charge was read to the jury, dictated certain objections to the court's charge to the court reporter. Points of error 2–15, both inclusive, complain of the submission of certain special issues over Commercial Standard's objections to the court's charge. The original transcript, as filed, does not contain such objections. Counsel for Commercial Standard filed a sworn motion in this Court on February 26, 1974, for leave to file a supplemental transcript that would contain the omitted objections. The following quotations relating to the objections are from the motion:

". . . Said objections to the court's charge were omitted from the original transcript by the clerk, and the reason why such objections were omitted was because they had not actually been filed at the time the original transcript was completed . . . the objections to the court's charge were not filed, and was apparently overlooked inadvertently by appellant's counsel . . . (the objections) were all timely presented to the court . . . but the trial court judge did endorse his ruling thereupon as contemplated by Rule 272 of the Texas Rules of Civil Procedure."

This Court promptly granted the motion; we believed that there had been a compliance with Rule 272, and that the objections had been timely reduced to writing, and were timely presented to the judge and signed by him but that they had not been filed with the clerk because of inadvertence on the part of counsel. The objections, which are now on file with the district clerk of Wharton County, were not filed in that office until February 25, 1974. Such objections, which are contained in the supplemental transcript, show that the objections were *not* presented in writing to the trial judge for endorsement of his ruling and official signature thereon until February 21, 1974.

Rule 272, T.R.C.P., in part, reads:

". . . The requirement that the objections to the court's charge shall be in writing will be sufficiently complied with if such objections are dictated to the court reporter . . . and are subsequently transcribed *and the court's ruling and official signature endorsed thereon and filed with the clerk in time to be included in the transcript. . . . .*" (Emphasis supplied).

The record was due to be filed in this Court on November 20, 1973. That deadline was met by Commercial Standard. Despite the unequivocal statements in the motion that the objections to the charge were "timely presented to the court", and the "trial judge did endorse his ruling thereon as contemplated by Rule 272", the inescapable conclusion is that counsel for Commercial Standard did not present the written objections to the trial judge for endorsement of ruling or signature until after the record had been filed in this Court. As already noted, the objections were signed on February 21, 1974, which was more than 7 months after judgment, 5 months after the amended motion for new trial had been overruled by operation of law, and 3 months after the transcript had been filed in this Court.

Rule 272, T.R.C.P., fixes a definite time limit within which to have the dictated objections to the court's charge reduced to writing, presented to the trial judge for endorsement of his ruling and official signature thereon, and filed with the clerk. That time limit is "in time (for the written objections properly endorsed and signed by the judge) to be included in the transcript". Therefore, the same *must* be done not more than 60 days after rendition of judgment, or date of order overruling the motion for new trial, or date the motion for new trial was overruled by operation of law, as the case may be. Warner Construction Co. v. Blue Diamond Co., 429 S. W.2d 912 (Tex.Civ.App., Dallas 1968, writ ref'd n. r. e.); Cannon v. Canida, 321 S. W.2d 631 (Tex.Civ.App., Texarkana 1959, writ ref'd n. r. e.). In the case before us, there was no compliance with Rule 272. There is no showing that the failure to comply with the requirements imposed by the Rule was occasioned by an error on the part of the clerk, or that the trial judge refused to endorse his ruling on the written objections, or to affix his official signature thereto, or that the written objections, after having been timely presented to the judge, endorsed and signed by him, were lost or mislaid. Good cause for failure to timely file written objections duly endorsed by the trial judge is not shown to exist. To consider the objections to the court's charge under this record would require us to completely ignore the plain and specific language contained in the Rule. This, we refuse to do. Under the circumstances, we consider the charge of the court as though no objections were filed. Points 2 to 15 are overruled.

Commercial Standard, in its point of error 1, says that the trial court erred in refusing to grant its motion for an instructed verdict. The original transcript shows that the motion was filed on March 19, 1973; it does not, however, show that it was ever presented to, or acted upon by the trial judge. The supple-

mental transcript contains a copy of a motion for an instructed verdict, and is signed by the trial judge with the language:

"Said motion having been presented to me Feb. 21, 1974 the same is herewith overruled."

The motion that appears in the supplemental transcript, like the objections to the court's charge, was not filed with the district clerk until February 25, 1974. There is nothing in the record to show that the motion was presented to the judge, or ruled on by him before the verdict was returned. On the contrary, the supplemental transcript reveals that the motion was presented to the trial judge and ruled on by him on February 21, 1974, while the original transcript shows that the jury returned its verdict on October 27, 1972. Therefore, no point of error can be predicated on the refusal to grant an instructed verdict. Pan American College v. Rojas, 392 S.W.2d 707, 710 (Tex.Civ.App., Corpus Christi, 1965, n. w. h.); Home Insurance Co. of New York v. Dacus, 239 S.W. 2d 182 (Tex.Civ.App., Texarkana 1951, n. w. h.). Although Rule 268, T.R.C.P., does not specify a time limit on presentation of such a motion, it has been said that the purpose of the rule is to raise an attack on the sufficiency of the evidence at a time when the court may remedy the situation. Red River Valley Pub. Co. v. Bridges, 254 S.W.2d 854 (Tex.Civ.App., Dallas 1952, writ ref'd, n. r. e.). The trial court could not remedy the situation after an appeal had been perfected. We do not believe that the action by the trial judge on a motion for instructed verdict which was not presented to or acted on by him until the case is already in a Court of Civil Appeals, as is the case here, can be reviewed by the appellate courts. We so hold. Clearly, the appellate court can review only such actions by the trial court as are shown by the record to have been taken by the trial court when it had jurisdiction of the case. Here, it is conclusively shown by the record that the motion was not presented

to or acted on by the trial judge until long after he had lost that jurisdiction. The point is overruled.

■ Commercial Standard's points of error 16 to 70 and 73 to 78, all inclusive, are each worded in such a way as to be no more than general and abstract propositions of law. These points, as phrased, do not comply with the briefing rules as set out in Rule 418, T.R.C.P. Bauguss v. Bauguss, 186 S.W.2d 384 (Tex.Civ.App., Dallas 1945, writ ref'd, w. o. m.); Dowdy v. Hale Supply Co., 498 S.W.2d 716, 718 (Tex.Civ.App., Ft. Worth 1973, n. w. h.). Nevertheless, we are not unmindful of the mandate of our Supreme Court that a point which does not meet all the requirements of the Rule, can still be considered if the error complained of can be determined from an examination of the statement and argument thereunder. Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (1943). In Commercial Standard's brief, all 80 points of error are followed by a single section designated "Argument and Authorities under all Points". This argument comprises 18 doublespaced typewritten pages. It is impossible for this Court to determine with any certainty the exact error complained of or the grounds for reversal relied upon. The statement and argument provides no basis for this Court to intelligently rule, point by point, on the complaints registered. The points, together with the accompanying statement and argument, are too vague and general to be considered. Middleton v. Middleton, 479 S.W.2d 775 (Tex.Civ.App., Austin 1972, writ ref'd, n. r. e.); Pleasant Grove Builders, Inc. v. Phillips, 355 S.W.2d 818 (Tex. Civ.App., Dallas 1962, writ ref'd, n. r. e.). Points 16 to 70 and 73 to 78 are all overruled.

■ Commercial Standard asserts, in points of error 71 and 72, that the trial court erred in overruling its motion for judgment non obstante veredicto. The record shows that the motion, although filed, was never acted on, or signed by the trial judge. In that state of the record, nothing is preserved for appellate review. Murphy v. Maroney, 456 S.W.2d 787 (Tex.Civ.App., Waco 1970, writ ref'd, n. r. e.); Barnett v. Woodland, 310 S.W.2d 644 (Tex.Civ.App., Austin 1958, writ ref'd, n. r. e.); Finney v. Finney, 164 S.W.2d 263 (Tex.Civ.App., Fort Worth 1942, writ ref'd, .w. o. m.). The motion for judgment non obstante veredicto must be acted on by the trial court prior to the time the motion (or amended motion) for new trial has been overruled, either by order of the court or by operation of law. Walker v. S & T Truck Lines, Inc., 409 S.W.2d 942 (Tex.Civ.App., Corpus Christi 1966, writ ref'd); Reed v. Enright, 488 S.W.2d 596 (Tex.Civ.App., Dallas 1972, n. w. h.); Hann v. Life & Casualty Ins. Co. of Tenn., 312 S.W.2d 261 (Tex.Civ.App., San Antonio 1958, n. w. h.). Points 71 and 72 are overruled.

■ Point 79 complains of the unfair jury argument of Farm Bureau's counsel which, Commercial Standard says, prejudiced the jury. It is impossible for this Court to consider or pass on this point since the arguments of counsel are not included in the statement of facts. Point 79 is overruled.

■ In point of error 80, complaint is made that the trial court erred in allowing Farm Bureau "and its counsel to prejudice the jury by improper tender of evidence. improper insinuations, and improper argument, regarding the ethical and legal propriety of the method of settlement of the Gomez claim". Commercial Standard makes the argument that it has been unfairly treated because of such matters, but no briefing support is given to the complaints made. Commercial Standard does not point out in its brief where the "improper tender of evidence" and "improper insinuations" are to be found in the statement of facts. As already noted, the argument of counsel does not appear in the statement of facts. It is true that counsel for Commercial Standard in its general

statement does say that "it is appellant's belief that the sole reason for the position taken by the jury in answering the special issues submitted to it was because of the ethical question raised by the appellee's counsel during the trial of the case concerning the propriety and appellant's purchasing the claim of Gomez against Johse". And, it is also true that an ethical question was raised by Farm Bureau's attorney in the cross examination of the attorney for Commercial Standard. But, that question was not objected to by counsel for Commercial Standard. Therefore, the error, if any, in connection with the allowing of such question, has been waived.

The judgment of the trial court is affirmed.