SOUTHLAND CAPITAL
CORPORATION,
Appellant,

v.

Harold CLARK and Jerry Clark, d/b/a J & H Paint Company, Appellees.

No. 5455.

Court of Civil Appeals of Texas,
Waco.

July 31, 1975.

Zimmerman & Sullivan, G. Dennis Sullivan, Dallas, for appellant.

Crowder, Mattox & Morris, Allen R. Morris, Dallas, for appellees.

## OPINION

JAMES, Justice.

This is an appeal by Defendant-Appellant Southland Capital Corporation from judgment against it in favor of Plaintiff-Appellees Harold Clark and Jerry Clark for $2,251.60 plus $500. attorney's fees.

Plaintiffs sued Defendant for $2,398.22 (plus $1500. attorney's fees) for painting work done on Defendant's apartments, pleading contract and quantum meruit alternatively.

Trial was to a jury which found:

1) Do you find  *  *  *  that the work performed by Plaintiffs, their agents or employees, upon the apartments in question was done in a good and workmanlike manner?

(here followed a definition of "Good Workmanlike Manner")

Answer: *Yes.*

You are instructed that the term "Quantum Meruit" means that Quantum Meruit is one of the common counts which lies for services rendered and materials furnished, the right resting on implied contract by the other party to pay for the benefits he has received, on the theory that it would be inequitable for him to refuse to pay for such benefits.

2) After making allowance for offsets and credits, if any, find  *  *  *  the amount of money, if any owed to Plaintiffs?

Answer: $2,251.60.

(Here followed a definition of the term "Substantial Compliance")

3) Do you find  *  *  *  Plaintiffs failed to substantially comply with the terms of the contracts?

Answer: Yes.

The parties stipulated that if Plaintiffs recovered in quantum meruit a reasonable attorney's fee would be $500.

The trial court rendered judgment for Plaintiffs for $2,251.60 plus $500. attorney's fees.

Defendant-Appellant appeals on 20 points, pertinent of which contend:

1) The trial court erred in submitting Issue 2 as it is an attempt to submit a damage issue under a theory of quantum meruit without submitting the necessary issues pertaining to work done, acceptance of work, value of the work and enhancement, to support such legal theory.

2) Issues 1 and 2 together will not support a judgment.

3) There is no evidence to support the answer to Issue 2 under the theory of quantum meruit.

Defendant-Appellant's points one through seventeen (except number seven hereinafter discussed) complain of the trial court's charge to the jury, and are dependent upon Defendant's objections and exceptions to the court's charge. However, the Defendant's objections and exceptions are not properly before us, and we are not authorized to consider them, because Rule 272, Texas Rules of Civil Procedure, has not been complied with.

Rule 272 contains the following language:

"  .   .   .   The requirement that the objections to the court's charge shall be in writing will be sufficiently complied with if such objections are dictated to the court reporter in the presence of and with the consent of the court and opposing counsel, before the reading of the court's charge to the jury, and are subsequently transcribed and the court's ruling and official signature endorsed thereon *and filed with the clerk in time to be included in the transcript.  .   .   .* " (emphasis supplied.)

In the case at bar, the trial court's judgment was signed and entered November 8, 1974, the original motion for new trial was filed November 18, 1974, the amended motion for new trial was filed December 4, 1974, and the order overruling the amended motion for new trial was entered December 9, 1974.

The Appellant had sixty days from December 9, 1974, in which to file the transcript, the last day of said sixty-day period being Friday, February 7, 1975. Rule 386, T.R.C.P. Appellant filed the original transcript on February 6, 1975, without including any objections and exceptions to the court's charge, and without requesting the clerk to include any such document. See Rule 376, T.R.C.P.

On Plaintiffs' Motion, a supplemental transcript was filed February 25, 1975, which likewise did not include any objections and exceptions to the court's charge.

After Appellant filed its brief, the Appellees filed their brief in which it was pointed out that no objections and exceptions to the court's charge were included in the transcript.

On June 4, 1975, Appellant filed a second supplemental transcript which shows an order of the trial court dated March 18, 1975, directing the inclusion of Appellant's objections and exceptions to the court's charge in a supplemental transcript, and the "Defendant's Objections and Exceptions to the Court's Charge" together with the trial court's ruling thereupon, filed in the county clerk's office on May 29, 1975.

Rule 272 fixes a definite time limit in which to have objections and exceptions to the court's charge transcribed, the court's ruling and signature endorsed thereon and then filed with the clerk, when such exceptions to the court's charge are dictated to the court reporter under the rule. They must be transcribed, endorsed and "filed in time to be included in the transcript." In the case at bar, the time for such filing in the trial court could not be more than sixty days from the order overruling the amended motion for new trial (December 9, 1974), which would be Friday, February 7, 1975. As stated, the Objections and Exceptions were not filed with the county clerk until May 29, 1975. Under these facts such filing was over three and a half months late, and therefore cannot be considered by us. *Cannon v. Canida* (Tex.Civ.App., Texarkana C.A. 1959) 321 S.W.2d 631, NRE; *Commercial Standard Ins. Co. v. Southern Farm Bureau Casualty Ins. Co.* (Tex.Civ.App., Corpus Christi C.A. 1974) 509 S.W.2d 387, NRE; *Rodriguez v. Garcia* (Tex.Civ.App., Corpus Christi C.A. 1975) 519 S.W.2d 908, NRE.

■ Appellant contends that the trial court was authorized under Rule 428 to direct a supplemental transcript to include these objections and exceptions. This would be true *if the objections and exceptions had been filed with the county clerk "in time to be included in the transcript."* This would be true if they had been filed by February 7, 1975. Instead they were not filed with the county clerk until May 29, 1975. Under these facts the trial court had no authority to order the inclusion of these objections and exceptions in a supplemental transcript, as this would be violative of Rule 272.

Under this state of the record, we overrule Appellant's points one through seventeen, with the exception of Appellant's point seven, wherein Appellant says there is no evidence to support the answer to Special Issue No. 2 under the theory of quantum meruit. Appellant preserved this point in its amended motion for new trial. See *Rosas v. Shafer* (Tex.Sup.Ct.1967) 415 S.W.2d 889.

■ Plaintiffs testified they painted Defendant's apartments 1, 2 and 3 and were paid for this work; that they painted Defendant's apartments 4 and 5 and were not paid; that they were to receive $1,125.80 for each unit; that Defendant refused to pay them for this work; that they painted, sanded, caulked and did everything they

were supposed to do; that they did not water down their paint; that they used good paint; that they used the same type stain on buildings 4 and 5 as they used on buildings 1, 2 and 3; that they were paid $1,125.80 each for their work on buildings 1, 2 and 3; that they did the same work on all 5 buildings; that they purchased the paint from Sherwin-Williams Paint Company; that the 2 Plaintiffs and 3 other employees worked on Defendant's apartments; that Plaintiffs paid for the painting materials and paid the employees; that approximately $300. worth of paint materials were used; that $400. or $500. was paid for labor exclusive of the work performed by Plaintiffs.

Williams Garrett, Vice President of Defendant testified by deposition, Defendant paid Plaintiffs 3 payments of $1,125.80 for paint work performed on units 1, 2 and 3.

Guy Jacobs manager of Sherwin-Williams Paint Company testified Sherwin-Williams sold Plaintiffs the paint materials and sold them the best.

Lovera Brooks, an architect, testified he examined the work performed by Plaintiffs and that it was of low quality; that some doors had no paint on them; and that there was caulking which had not been performed.

Marion Morris, property supervisor for Defendant testified that the paint was bad on some of the doors; and that Plaintiffs performed certain caulking only after being written to do so.

We believe the evidence is ample to support the jury's finding in answer to Special Issue No. 2 under the theory of quantum meruit, and we therefore overrule Appellant's "no evidence" point.

We hold that the verdict and the implied findings referable thereto, are sufficient to support the judgment under the theory of quantum meruit. Rules 277, 279, Texas Rules of Civil Procedure.

Rule 277 TRCP which was amended to its present form September 1, 1973 provides:

"In all jury cases the court may submit said cause upon special issues without request of either party * * *.

"It shall be discretionary with the court whether to submit separate questions with respect to each element of a case or to submit issues broadly. It shall not be objectionable that a question is general or includes a combination of elements or issues. * * *.

"In submitting the case, the court shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict and in such instances the charge shall not be subject to the objection that it is a general charge. * * *."

Rule 279 TRCP provides that omitted issue or issues shall be deemed as found by the court as to support the judgment.

◼ Appellant's three remaining points of error (eighteen through twenty) complain of the award of $500.00 attorney's fees in the judgment. The parties stipulated in open court as follows: "_ _ _ _ _ if the jury finds for the Plaintiffs on the issue of quantum meruit, the parties by and through their respective attorneys have stipulated that five hundred dollars would be a reasonable attorney's fee." Here the jury found for the Plaintiffs on the issue of quantum meruit; therefore Defendant-Appellant has stipulated that $500.00 is a reasonable attorney's fee.

All of Appellant's points of error are overruled, and the trial court's judgment is affirmed.

Affirmed.