Ralph G. TEMPLETON, Appellant,

v.

UNIGARD SECURITY INSURANCE COMPANY, Appellee.

No. 17720.

Court of Civil Appeals of Texas, Fort Worth.

May 7, 1976.

Rehearing Denied June 4, 1976.

Gibbins & Spivey Associated, Inc., and J. Patrick Hazel, Austin, for appellant.

Hudson, Keltner, Smith, Cunningham & Payne, and H. S. Sparks, III, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

The appellant, Ralph Templeton, filed this workmen's compensation case against appellee, Unigard Security Insurance Company. Upon receipt of a jury verdict wherein the jury found that appellant was not an employee of the alleged employer at

the time he was hurt the trial court rendered judgment decreeing that the appellant recover nothing from the appellee. The appellant here appeals from that decree.

This appeal was set for submission before this Court on April 23, 1976. On April 2, 1976, the appellant filed in this Court an unsworn motion asking that this Court, pursuant to Rule 428, T.R.C.P., direct that a supplemental transcript containing his objections and exceptions to the court's charge that he had dictated to the court reporter during the trial be certified by the clerk of the trial court to this Court of Civil Appeals. On April 16, 1976, this Court denied that motion. On April 23, 1976, the appellant filed in this case a motion for rehearing of its motion to direct the filing of the supplemental transcript. Attached to this motion for rehearing was the affidavit of a deputy district clerk (who is the transcript clerk in the Tarrant County District Clerk's office) wherein she stated: that she had prepared the transcript in this case and filed it in the Court of Civil Appeals on October 3, 1975; that on September 4, 1975, she had received from the attorney of record of appellant the original copy of appellant's objections and exceptions to the court's charge and an accompanying letter wherein that attorney noted that the judge had at that time not yet signed the appellant's objections and exceptions to the charge and that the judge needed to sign them before sending them to the Court of Civil Appeals; that she looked over the objections and exceptions to the charge and noted that appellant's lawyer had signed them, but she failed to note that the judge had not signed them; that she therefore failed to get the judge to sign such objections before she filed them in the district clerk's office and before she included them in the transcript; it was on March 31, 1976, that she received a phone call from appellant's lawyer asking about it and she advised him that she would then get the trial judge to sign the objections, and on direction from the Court of Civil Appeals would have them forwarded to that Court. Attached to that affidavit as an exhibit was

a copy of appellant's objections and exceptions to the court's charge that shows that those objections had not been signed by the trial judge until April 1, 1976.

We hold that our ruling denying the appellant permission to file a supplemental transcript containing appellant's objections and exceptions to the court's charge was correct. The judgment appealed from was signed and rendered on July 1, 1975. The appellant's only motion for new trial was filed on June 27, 1975. Since the motion for new trial was filed before the judgment was rendered and signed we must consider it as having been filed on the date of the judgment (July 1, 1975), but subsequent to rendition of the judgment. Rule 306c, T.R.C.P., and *Wyche v. Bank of Texas,* 485 S.W.2d 391 (Tex.Civ.App., Houston, 1st Dist., 1972, no writ hist.). The trial court did not sign an order overruling appellant's motion for new trial. It was therefore overruled by operation of law 45 days after it was filed, which date would be August 15, 1975. Rule 329b, Subd. 4, T.R.C.P. The appellant had 60 days after the motion for new trial was overruled by operation of law in which to file the transcript and statement of facts. Rule 386, T.R.C.P. That 60th day would have been October 14, 1975. In this instance the transcript was actually filed in the Court of Civil Appeals on October 3, 1975.

The provisions of Rule 272, T.R.C.P., as it was worded prior to its amendment effective January 1, 1976, is determinative of the issues involved here. It then provided in substance that objections to a court's charge must be presented to the court in writing, otherwise they are waived. The rule further provided in part as follows:

"The requirement that the objections to the court's charge shall be in writing will be sufficiently complied with if such objections are dictated to the court reporter in the presence of and with the consent of the court and opposing counsel, before the reading of the court's charge to the jury, and are subsequently transcribed and the court's ruling and official signature en-

dorsed thereon and filed with the clerk in time to be included in the transcript."

In this case Rule 272 was not complied with in that the trial court's official signature was not endorsed on the transcribed objections in time for the signed objections to be included in the transcript. The copy of appellant's objections to the court's charge that was attached to his motion for rehearing that is being considered shows that such objections to the court's charge were not signed by the trial judge until April 1, 1976, which was 5½ months after the last day for filing the transcript.

Because appellant did not preserve his bill of exceptions complaining of the court's action in overruling his objections to the court's charge in the manner provided for in Rule 272, such objections were waived and cannot be considered by this Court on appeal. *Southland Capital Corporation v. Clark,* 526 S.W.2d 278 (Tex.Civ.App., Waco, 1975, no writ hist.); *Beacon National Insurance Co. v. Young,* 448 S.W.2d 812 (Tex.Civ. App., Dallas, 1969, ref., n. r. e.); *Tandy Corporation v. McGregor,* 527 S.W.2d 246 (Tex.Civ.App., Texarkana, 1975, ref., n. r. e.); and *Commercial S. Ins. Co. v. Southern F. Bur. Cas. Ins. Co.,* 509 S.W.2d 387 (Tex. Civ.App., Corpus Christi, 1974, ref., n. r. e.).

Appellant's motion to supplement the transcript was based on Rule 428, T.R.C.P., which provides in substance that if anything material to either party is omitted from the transcript or statement of facts, the trial or the appellate court, either before or after the record has been sent to the appellate court, can direct a supplemental record to be certified by the clerk of the trial court supplying the omitted matter.

■ An appellate court is not obliged under that rule, however, to order a transcript to be supplemented in a situation where to do so would accomplish no good object and would merely increase the costs on appeal. *Posey v. Posey,* 386 S.W.2d 884 (Tex.Civ.App., Fort Worth, 1965, no writ hist.).

■ The case before us is a prime example of just what we are talking about in the paragraph next above. Even if this Court did permit appellant to file a supplemental transcript containing his objections to the court's charge it would be of no aid to him on this appeal. This Court could not consider those objections, because appellant did not get the trial court to sign them in time to get them included in the transcript as is required by Rule 272. The trial court signed them 5½ months after the deadline for getting them signed. Under those facts the objections to the charge were waived. The only thing that would be accomplished if we permitted the supplemental transcript to be filed would be to increase the costs of the appeal.

Cases that sustain our ruling denying to appellant leave to file the supplemental transcript are: *Southland Capital Corporation v. Clark,* supra; *Cannon v. Canida,* 321 S.W.2d 631 (Tex.Civ.App., Texarkana, 1959, ref., n. r. e.); and *Beacon National Insurance Co. v. Young,* supra. In each of those cases the appellant was denied the right to file a supplemental transcript under circumstances similar to those involved here.

We overrule the appellant's motion for rehearing of his application to file a supplemental transcript.

The remainder of the opinion is devoted to the three points of error that appellant urges on the appeal.

Appellant's first point of error is that the trial court erred in refusing to submit to the jury his requested special issue inquiring as to whether or not appellant was a borrowed employee.

His third point of error is that the trial court erred in refusing to give his requested instruction stating in substance that appellant could be the employee of two employers.

■ We overrule both of those points of error because no proper bill of exceptions is contained in the record before us to preserve the matters there complained of for appellate review.

Appellant made no attempt to procure bills of exceptions preserving the rulings complained of by separately requesting the

issue and instruction in writing, having the trial court endorse his rulings thereon, and then having that judge sign such instruments, all as is provided for in Rule 273 and 276, T.R.C.P.

In the absence of an order signed by the trial court refusing a request for submission of a special issue or requested instruction as is required by Rules 273 and 276 the right to complain of its non-submission is waived. *Waggoner & Zeller Oil Company v. Deike,* 508 S.W.2d 163 (Tex.Civ.App., Austin, 1974, ref., n. r. e.), and *Neuhoff Brothers Packers, Inc. v. McCauley,* 399 S.W.2d 929 (Tex.Civ. App., Waco, 1966, ref., n. r. e.).

■ There are other reasons why we are required to overrule appellant's first and third points of error.

The only place in the record where it is made to appear that the appellant requested the giving of the issue and instruction referred to is in the instrument designated in the transcript as "Plaintiff's Objections and Exceptions to the Court's Charge." This instrument was not signed by the trial court.

It shows that appellant dictated all together and that he later had them transcribed into one document his objections to the court's charge, his request for a trial amendment, his request for submission of the special issue, and his request that the jury be given the requested instruction. They were intermingled.

Rule 273, T.R.C.P., provides in part the following: ". . . A request by either party for any instructions, special issues, definitions or explanatory instructions shall be made separate and apart from such party's objections to the court's charge."

That part of Rule 273 was not complied with in this case. Appellant's request for the special issue and his request for the giving of the instruction were not made separate and apart from appellant's objections to the court's charge. The requests were incorporated in and intermingled with the objections to the court's charge.

Because appellant did not comply with Rule 273 by making requests for the giving

of the requested issue and requested instruction separate and apart from his objections to the court's charge the court's rulings on the requests were not preserved for appellate review. Such matters were waived. *Avant v. Gulf Coast Investment Corporation,* 457 S.W.2d 134 (Tex.Civ.App., Dallas, 1970, no writ hist.), and *Blackmon & Assoc., Inc. v. Palmer Bldg. Sup. & Spec., Inc.,* 463 S.W.2d 228 (Tex.Civ.App., Corpus Christi, 1971, ref., n. r. e.).

■ In appellant's second point of error he contends that the trial court erred in refusing to allow appellant to file a trial amendment specifically pleading that he was a borrowed employee at the time he was injured.

We also overrule that point because there is not a sufficient bill of exceptions in the record to preserve that point for appellate review.

The only place in the record before us where it is indicated that appellant might have requested leave to amend and that such request was refused by the trial court is in the instrument above referred to having the caption, "Plaintiff's Objections and Exceptions to the Court's Charge". As shown above this instrument was only signed by appellant's lawyer and was not signed by the trial court.

With the record in that state it does not sufficiently show that the appellant had requested permission to file the trial amendment and that the court had refused such request. For this reason no proper bill of exceptions is contained in the record to preserve the matter complained of in appellant's second point of error for appellate review. See *Alcazar v. Southwestern Bell Telephone Company,* 353 S.W.2d 933 (Tex. Civ.App., Austin, 1962, no writ hist.).

The judgment is affirmed.