**Ralph G. TEMPLETON**

v.

**UNIGARD SECURITY INSURANCE COMPANY.**

No. B–6123.

Supreme Court of Texas.

Dec. 31, 1976.

Rehearing Denied Feb. 2, 1977.

Gibbins & Spivey, J. Patrick Hazel, Austin, for petitioner.

Hudson, Keltner, Smith, Cunningham & Payne, Harold S. Sparks, III, Fort Worth, for respondent.

McGEE, Justice.

This is a workmen's compensation case brought by Templeton against the insurer, Unigard Security Insurance Company (Unigard). The questions presented in this case involve the determination of whether an error by a court clerk can excuse a party from tardily procuring a judge's signature to an instrument sought to be included in the transcript and the propriety of an en masse submission of a party's objection to the court's charge and his request for a special issue. In district court the jury found that Templeton was not an employee of the alleged employer covered by Unigard and the court rendered a take-nothing judgment against Templeton. The court of civil appeals held that Templeton incorrectly submitted his request for a special issue, request for an instruction, and request for a definition, by placing them in the same instrument as his objection to the trial court's charge to the jury. 537 S.W.2d 315. In addition, the court of civil appeals denied Templeton's motion to file a supplemental transcript and a trial amendment due to

Templeton's failure to obtain the trial judge's signature on the objections and exceptions to the trial court's charge within the specified time. We reverse and remand the case to the court of civil appeals.

During the trial and before the court read its charge to the jury, Templeton dictated his objections and exceptions to the trial court's charge which included requests for an instruction, a special issue and a trial amendment, all relating to the issue of borrowed employee. The judgment of the district court was rendered for Unigard on July 1, 1975. Templeton filed his motion for new trial before judgment was rendered on June 27, 1975. On September 4, 1975 the transcript clerk of the district court received Templeton's objections and exceptions to the court's charge. In an accompanying letter, Templeton's attorney pointed out that the judge had failed to sign the objections and stated that the judge needed to do so before the objections became part of the transcript. The clerk checked the objections but failed to get the judge to sign them before she filed the transcript with the court of civil appeals on October 3, 1975. On March 31, 1976 Templeton's attorney telephoned the clerk and told her the objections and exceptions had not been signed by the judge. The clerk obtained the judge's signature on April 1, 1976.

The appeal was set for submission before the court of civil appeals on April 23, 1976. Templeton, on April 2, 1976, filed a motion asking the court of civil appeals to direct the certification of a supplemental transcript containing the objections and exceptions to the trial court's charge, which was denied on April 16, 1976. On April 23, 1976, Templeton filed a motion for rehearing of his motion for a supplemental transcript, which contained an affidavit of the district court's transcript clerk setting out her mistake in failing to promptly obtain the judge's signature. The court of civil appeals reaffirmed its refusal to direct a supplemental transcript because the judge's signature was not timely under Rule 272 of the Texas Rules of Civil Procedure. The court of civil appeals also held that the

objection to the court's charge and the various requests were in violation of Rule 273 because they were submitted in the same instrument.

 The court of civil appeals correctly held that under Rule 273 of the Texas Rules of Civil Procedure requests for special issues and instructions must be submitted separately from objections to the court's charge. Rule 273 provides in part the following: "A request by either party for any instructions, special issues, definitions or explanatory instructions shall be made separate and apart from such party's objection to the court's charge." Templeton transcribed the court reporter's notes of his dictated requests and objection into one instrument entitled, "Plaintiff's Objections and Exceptions to the Court's Charge." The failure of Templeton to separately submit his requests from his objection to the court's charge results in the requests being waived. *Frontier Feedlots, Inc. v. Conklin Bros., Inc.*, 476 S.W.2d 31, 32 (Tex.Civ.App. —Amarillo 1971, no writ); *Blackmon & Associates, Inc. v. Palmer Building Supplies & Specialties, Inc.*, 463 S.W.2d 228, 230–31 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.); *Avant v. Gulf Coast Invest. Corp.*, 457 S.W.2d 134, 136 (Tex.Civ.App.— Dallas 1970, no writ). Violation of Rule 273 precluded appellate review of the request for a special issue and the request for an instruction to the jury. The objection to the court's charge was dependent on the submission of the special issue and was not preserved for appellate review. Therefore, only the request for a trial amendment remains to be considered.

 The court of civil appeals held that the request for a trial amendment was not properly preserved for appellate review because there was not a sufficient bill of exceptions in the record. 537 S.W.2d at 319. This holding was based on the failure of the trial judge to sign the instrument containing the requested trial amendment in time for it to be properly included in the transcript. Rule 272 was amended effective January 1, 1976 and Templeton asserts that amended Rule 272, which does not require the judge's signature, is applicable. It is unnecessary for this court to decide which rule is applicable as we hold that the failure to obtain a timely signature of the judge was excused for good cause and the court of civil appeals erred in not considering the merits of the amendment.

 Under Rule III of the Rules of Practice in Civil Cases in the District Courts of Tarrant County, Texas, the proper course of action for Templeton to follow in securing the judge's signature was to submit the amendment to the clerk. District Courts Rule III provides:

"Any instruments involving matters previously heard or disposed of by the Court, as well as instruments which may be signed by the Judge without a hearing, such as dismissals, agreed judgments and certain default matters, among others, *shall be presented to the Clerk of the Court involved. The Clerk will then submit promptly such instruments, together with the appropriate docket sheet, to the Judge for his signature.* This will permit the orderly presentation of such matters to the Court for its consideration without undue interruptions, and *all attorneys are expected to comply.*" [Emphasis added].

The rules of procedure for that district court are filed with this court, are not inconsistent with the Texas Rules of Civil Procedure, and are binding on Templeton. Tex.R.Civ.P. 817. The clerk's error in failing to promptly obtain the judge's signature was good cause for noncompliance with Rule 272. *Tandy Corp. v. McGregor*, 527 S.W.2d 246, 247 (Tex.Civ.App.—Texarkana 1975, writ ref'd n. r. e.); *Commercial Standard Ins. Co. v. Southern Farm Bureau Cas. Ins. Co.*, 509 S.W.2d 387, 391 (Tex.Civ. App.—Corpus Christi 1974, writ ref'd n. r. e.). In both of these cases a party was unable to show good cause for failure to comply with Rule 272, but the courts discussed what would constitute good cause. In *Commercial Standard Insurance Company* the court stated:

"There is no showing that the failure to comply with the requirements imposed by the Rule was occasioned by an error on

the part of the clerk, or that the trial judge refused to endorse his rulings on the written objections, or to affix his official signature thereto, or that the written objections, after having been timely presented to the judge, endorsed and signed by him, were lost or mislaid." 509 S.W.2d at 391.

Rule 386, before its amendment, expressly provided that good cause was an excuse for the late filing of a transcript or statement of facts. Errors made by a clerk in preparing a transcript or statement of facts have been held to constitute good cause and excuse a late filing. *Wigington v. Parker Square State Bank*, 321 S.W.2d 334 (Tex. Civ.App.—Fort Worth 1959, no writ); *Anzaldua v. Richardson*, 279 S.W.2d 169 (Tex. Civ.App.—San Antonio 1955, writ ref'd n. r. e.). It would be ironic for this court to hold that it was necessary for Templeton to comply with the rule of the district court, requiring that the request for the amendment be submitted to the court clerk, but then afford Templeton no relief when an error of the clerk prevented appellate review of the amendment. We hold that where the properly filed rules of procedure for a district court provide that the clerk of the court is to submit instruments to the judge for his signature, the failure of the clerk to promptly submit the instrument, thereby precluding the timely filing of the signed instrument with the court of civil appeals, will not prevent appellate review of the instrument due to the late filing.

The court of civil appeals improperly refused to permit Templeton to file a supplemental transcript containing his motion for a trial amendment. The filing of the supplemental transcript should be permitted so the court of civil appeals can consider the merits of the trial amendment.

The judgment of the court of civil appeals is reversed and the cause is remanded to that court.