Joe L. SPILLER, et al, Appellants,

v.

Allen LYONS, et al, Appellees.

No. B14–86–617–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 16, 1987.

Otto D. Hewitt, III, J.D. Bashline, Galveston, for appellants.

Robert E. Hoskins, Galveston, for appellees.

Before PAUL PRESSLER, MURPHY and ELLIS, JJ.

OPINION

PAUL PRESSLER, Justice.

This is an appeal from the granting of a judgment n.o.v. Appellees wished to build a motel in the City of Hitchcock. Appellants, a group of homeowners in Hitchcock sued alleging a violation of deed restrictions which would create a nuisance. The jury returned a verdict in favor of appellants and on May 2, 1986, the court entered a judgment based upon the verdict. Appellees filed a motion for new trial on May 29th and a motion for judgment n.o.v. on June 20th which was later granted. We reverse the judgment n.o.v. and render judgment for appellants.

Appellants' first point of error is that the motion for judgment n.o.v. was not filed timely. It is well settled that such a motion may be filed at any time after the court has announced judgment and may be acted upon at any time before a motion for new trial has been overruled either by action of the court or by operation of law. *Commercial Standard, Inc. Co. v. Southern Farm Bureau Casualty Insurance Co.*, 509 S.W.2d 387, 392 (Tex.Civ.App.— Corpus Christi 1974, writ ref'd n.r.e.). The judgment n.o.v., in this case, was granted before appellees' motion for new trial was acted upon or overruled by operation of law. The first point of error is overruled.

In points of error two and three, the appellants complain that the court erred in granting the judgment n.o.v. A judgment n.o.v. is remedy which should be used only in very limited circumstances. *Wood v. Texas Farmers Insurance Co.*, 593 S.W.2d 777 (Tex.Civ.App.—Corpus Christi 1979, no writ). To uphold such a judgment, it must be determined that there is no evidence upon which the jury could have made its findings. All testimony must be considered in a light most favorable to the party against whom the motion is sought and every reasonable deduction from the evidence is to be made in that party's favor. *Dowling v. NADW Marketing, Inc.*, 631 S.W.2d 726, 728 (Tex.1982); *Douglass v. Panama, Inc.*, 504 S.W.2d 776 (Tex. 1974). Jury findings may not be disregarded if the record contains any evidence of probative value which will reasonably support the findings. *Lynch v. Ricketts,* 158 Tex. 487, 314 S.W.2d 273 (1958); *San Antonio Independent School District v. National Bank of Commerce of San Antonio,* 626 S.W.2d 794 (Tex.App.—San Antonio 1981, no writ).

■ The case was submitted to the jury on special issues. The jury unanimously found that the operation of a motel on appellees' property would create a nuisance. They also found that the developer of the subdivision in which the motel was to be built had a plan or scheme for restrictions on the use of property in the subdivision and that the construction and operation of a motel would violate those restrictions.

The evidence presented at trial by the residents of the neighborhood established that the increased traffic would be a danger to children walking to and from nearby schools. Appellants testified that their neighborhood was quiet and family-oriented and that traffic and the influx of strangers and transients would be an offense to normal sensibilities. Evidence was presented that there were no businesses, activities or attractions in Hitchcock that would draw potential motel customers. There was testimony that the present water and sewage services were already strained and that operation of a motel would further impair those services. No plans for enlarging those utilities had been made. In addition to the testimony of residents, the jury had the opportunity to view videotaped "tours" of the neighborhood presented by both parties. Appellants also presented evidence that restrictive covenants were in effect in the neighborhood and that the motel would violate those covenants.

It cannot be said that there was no evidence upon which the jury could have relied. The record indicates that the jury had evidence of sufficient probative value to support their findings. It was, therefore, error to grant appellees' motion for judgment n.o.v. Appellants' second and third points of error are sustained.

The judgment of the trial court is reversed and we render judgment that the Final Judgment and Permanent Injunction, signed on May 2, 1986, be in all things reinstated.