CASE 10.—ACTION BY KEEL ROBERTS AGAINST W. J. THOMAS.—Oct. 22, 1909.

## Roberts v. Thomas

Appeal from Henry Circuit Court.

CHAS. C. MARSHALL, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Affirmed.

1. False Imprisonment—Distinguished from Malicious Prosecution.—False imprisonment lies where the imprisonment is without legal authority, and, where it is valid or apparently so, the remedy is by malicious prosecution.

2. Malicious Prosecution—Elements Of.—To render a person liable for malicious prosecution, he must have acted maliciously and without probable cause.

PEAK & HOLLAND and EDWARDS, OGDEN & PEAK for appellant.

### POINTS AND AUTHORITIES.

The only point we make in this case is that the action is for false imprisonment, and in actions of that character it is not necessary to allege in the petition want of probable cause or malice. Malice is not an ingredient of an action of this character. Southern Railway in Kentucky v. Sherley, 28 L. R. 861; 21 Ky. 865; Reynolds, By, &c. v. Price, 22 L. R., page 5.

WILLIS & TODD for appellee.

W. P. THORNE and MOODY & BARBOUR of counsel.

## AUTHORITIES CITED ON PETITION.

Words and Phrases, Vol. 3, page 2660; A. & E. Ency. (second edition), page 739; Gordon v. West, Vol. 13, L. R. A. (new series 1908), page 549; A. & E. Ency. Vol. 7, page 664; Reynolds, By, &c. v. Price, 22 Ky. Law Rep. page 5; Mitchell v. Ripy, &c., 82 Ky. page 516; A. & E. Ency. (second edition), Vol. 19, page 650.

## AUTHORITIES CITED ON AMENDED PETITION.

Brashears v. Frazier, 110 S. W. page 826; Hegan Mantel Co. v. Alford, 114 S. W., page 219.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Keel Roberts filed his petition in the Henry circuit court, in which he sought to recover damages in the sum of $10,000 against W. J. Thomas. Thomas filed a demurrer to the petition which the court sustained. Roberts thereupon filed an amended petition. The court sustained the demurrer to the petition as amended. The plaintiff declining to plead further, the petition was dismissed, and he appeals.

The facts stated in the petition are these: Thomas subscribed and swore to an affidavit before the judge of the Shelby quarterly court in which Roberts was charged with the crime of unlawfully confederating and banding together with one John W. Thomas, Jr., and going forth armed for the purpose of intimidating and alarming another person or persons. By this affidavit Thomas caused the judge of the quarterly court to issue a warrant of arrest against Roberts for the crime. Roberts was arrested under the warrant of arrest in Henry county on March 3, 1909, and was confined in the Shelby county jail until March 7, when he executed a bond before the judge of the quarterly court, and was released on bond, Thereafter he was tried before the judge of the quarterly court and was

acquitted, and the charge against him was dismissed. It was alleged in the petition that all of this was done unlawfully, wrongfully, willfully, , forcibly, and against the plaintiff's will and consent. In the amended petition it was charged that all this was done wrongfully and without probable cause. The affidavit filed by Thomas with the judge and the warrant of arrest issued by the judge which was in proper form were made part of the petition.

There is a well-marked distinction between an action for false imprisonment and an action for malicious prosecution. An action for false imprisonment may be maintained where the imprisonment is without legal authority. But, where there is a valid or apparently valid power to arrest, the remedy is by an action for malicious prosecution. The want of lawful authority is an essential element in an action for false imprisonment. Malice and want of probable cause are the essentials in an action for malicious prosecution. The petition shows that the plaintiff was not arrested without lawful authority. He was arrested under a warrant of arrest legally issued by the proper officer. The person who procured the warrant to be issued and thus caused the arrest is liable to an action for malicious prosecution if he acted with malice and without probable cause. But he is not liable for procuring the warrant to be issued and executed unless he acted with malice and without probable cause. 19 Cyc. 321, 7 Am. & Eng. Encyc. of Law, 664; Gordon v. West, 129 Ga. 532, 59 S. E. 232, 13 L. R. A. (N. S.) 549, and cases cited. In the case of Southern Railway Co. v. Shirley, 121 Ky. 865, 90 S. W. 597, 28 Ky. Law Rep. 860 this distinction is pointed out. In that case Shir-

ley was arrested without a warrant of arrest and without legal authority.   His arrest was unlawful. In this case the plaintiff was arrested under a legal wararnt and he was legally held in custody.   In the case of Reynolds v. Price, 56 S. W., 502, 22 Ky. Law Rep. 5, the arrest was also without legal authority. It is not averred in the petition that Thomas acted with malice and without probable cause in swearing out the warrant.   Malice is essential to the cause of action for malicious prosecution, and, this not being averred, the circuit court properly sustained the demurrer to the petition.

Judgment affirmed.