### RADER v. PARKS et al.

Court of Appeals of Kentucky.

May 29, 1953.

J. M. Wolfinbarger, Irvine, for appellant.

H. M. Shumate and Shumate & Shumate, Irvine, for appellees.

DUNCAN, Justice.

In this action, appellant sought damages for false imprisonment. Upon the trial, a peremptory instruction was given for appellees and judgment was entered in accordance with the verdict. The only question on the appeal is whether or not the case should have gone to the jury under the evidence.

On July 26, 1951, a man who identified himself as James Harris purchased an automobile from the appellees, who were used car dealers; giving in payment a cold check in the amount of $275. A warrant of arrest was later procured by appellees, or some one of them as agent for the others, charging James Harris with the statutory offense denounced by KRS

434.070. No person by that name answering the description given by appellees was found.

A subsequent investigation by an agent for appellees resulted in the warrant being amended at their direction to charge "Herman Rader, alias James Harris" as the offender. The warrant, as amended, was served upon appellant, Herman Rader, and under its authority, he was placed in jail, where he remained for a period of thirty-six days. Some facts disclosed by the record are rather suggestive of appellant's guilt, but since the case never reached the indictment stage, due to the payment of the check by appellant's brother, we may for the purposes of this action consider the prosecution as having terminated favorably to appellant.

The action as originally instituted sounded in malicious prosecution and false arrest and imprisonment. The appellees made a motion to require the appellant to elect which of the two causes of action he would prosecute. The motion was sustained, and appellant elected to prosecute the action as one for false arrest and imprisonment. In considering the sufficiency of the evidence, it must be measured by the requirements of the form which the action assumed by the election.

This Court, as well as most other jurisdictions, has always recognized an important distinction between the actions of false arrest or imprisonment and malicious prosecution. The former will lie only when the arrest or imprisonment is without legal authority. Where the arrest is made under authority of a valid process, the remedy is an action for malicious prosecution. The distinction was recognized in the early case of Roberts v. Thomas, 135 Ky. 63, 121 S.W. 961, 962, 21 Ann. Cas. 456, where it was said:

"An action for false imprisonment may be maintained where the imprisonment is without legal authority. But, where there is a valid or apparently valid power to arrest, the remedy is by an action for malicious prosecution. The want of lawful authority is an essential element in an action for false imprisonment. Malice and want of probable cause are the essentials in an action for malicious prosecution."

In this case, the appellant was arrested under valid warrant of arrest. The fact that the warrant and supporting affidavit had been amended to include appellant's name did not affect its validity. If appellant had been falsely accused and the false accusation set in motion the events leading to his ultimate arrest and imprisonment, his sole remedy was an action for malicious prosecution.

We have written in a number of cases that a person who instigates an arrest may be liable for false arrest, but it should be noted that none of these cases involved an arrest made under a valid process.

Appellant relies upon the case of Reynolds v. Price, 56 S.W. 502, 22 Ky. Law Rep. 5. There, the case turned upon the sufficiency of the petition, from which it appeared that the defendant had procured plaintiff's arrest under a capias pro fine by directing the officer to the plaintiff as the person named in the capias, when as a matter of fact the writ was directed against a different person. There was no process in that case against the person actually arrested. In the present case, there is no question of identity of the person charged in the warrant.

The lower court properly directed a verdict for appellees. The judgment, therefore, is affirmed.