**Richard C. SWEENEY, Appellant,**

v.

**Lewis HOWARD, Appellee.**

Court of Appeals of Kentucky.

Nov. 28, 1969.

William A. Hamm, Hamm, Taylor & Milby, J. Milton Luker, Luker, Luker & Roberts, London, for appellant.

Roy W. House, Lester H. Burns, Manchester, for appellee.

OSBORNE, Judge.

This is an action for malicious prosecution. The trial court directed a verdict for the defendant at the close of the plaintiff's evidence. The plaintiff appeals.

The appellant, Richard C. Sweeney, was a life insurance agent. In 1960 he visited the home of Lewis Howard with the purpose of selling him life insurance. According to Sweeney, Howard agreed to buy the insurance and filled out an application and medical waiver for the insurance and then signed and delivered a check to Sweeney for $917.20 for advance premiums. The check cleared the bank shortly after it was issued and after that Howard presented himself to his doctor for a physical examination for the insurance.

Four years later Howard appeared before the Clay County grand jury and testified that the above check was forged by Sweeney. Two indictments were issued by the grand jury and Sweeney was arrested. He made bond. The indictments were later dismissed for improper venue,

and apparently no attempt was made to get new indictments issued in the proper county. Sweeney then brought this action for malicious prosecution.

Howard admits filling out the application and the medical form but he denies signing the check. He points out that the check was on an insurance company blank check and not on Howard's personalized check.

The cashier and some other officials of Howard's bank testified that the signature on the check was that of Howard, after they compared the signature with that on his signature card at the bank and that on the life insurance application which he admitted he had signed.

Howard admits procuring the indictment and the transcript of his testimony before the grand jury was introduced as evidence.

The trial court, in directing the verdict, said that Sweeney had failed to affirmatively prove lack of probable cause and malice. He also said that Sweeney had failed to specifically prove damages.

In his brief here, appellee relies on certain testimony by appellant as admitting this failure. This testimony is as follows:

"Q. Are you telling this jury that Lewis Howard maliciously and without probable cause went before the Clay County Grand Jury and obtained your indictment?

A. It happened. I mean—I don't know —I assume that he's the one.

Q. Are you saying that he did it maliciously and without probable cause?

A. His cause, I don't know.

Q. You don't know about that, do you?

A. No, sir."

These are questions of ultimate fact (on malice) and of law (on probable cause). The answers are certainly not conclusive.

Though the cases cited by appellant do again and again state that you must affirmatively prove lack of probable cause, we believe that there can be no doubt but that this has been done here. If we take the evidence most favorable to Sweeney, which we must since this is a directed verdict, Howard signed the check. He then could have no probable cause for believing that Sweeney forged it. Louisville & Nashville R. R. Co. v. Sharp, 282 Ky. 758, 140 S.W.2d 383 (1940); Hendrie v. Perkins, 240 Ky. 366, 42 S.W.2d 502 (1931). As to malice, Emler v. Fox, 172 Ky. 290, 189 S.W. 469 (1916), states the well-recognized rule that the jury can presume malice from want of probable cause. Finally, appellant at least proved damages of $100, his attorney fee in the criminal proceedings. The trial court's action in directing a verdict was improper.

The judgment is reversed.

All concur except NEIKIRK, J., who was not sitting.