**TANDY CORPORATION, d/b/a Radio Shack and Radio Shack, A Tandy Corporation Company, Appellant,**

v.

**Donald L. McGREGOR, Appellee.**

No. 8272.

Court of Civil Appeals of Texas, Texarkana.

Aug. 26, 1975.

Rehearing Denied Sept. 23, 1975.

James S. Maxwell, Thomas E. Kurth, Seay, Gwinn, Crawford, Mebus & Blakeney, Dallas, for appellant.

A. Don Crowder, Crowder & Mattox, Dallas, for appellee.

RAY, Justice.

This is a suit for malicious prosecution, false imprisonment and abuse of process. Donald L. McGregor (plaintiff) appellee brought suit against appellant (defendant) Tandy Corporation, d/b/a Radio Shack and Radio Shack, A Tandy Corporation Company (hereinafter referred to as Tandy) seeking a recovery of damages for his having been incarcerated in the Dallas County Jail on a charge of passing a worthless check in the sum of $104.20 to appellant. The jury found in favor of McGregor on his counts of false imprisonment and abuse of process, but found in favor of Tandy on the malicious prosecution count. The trial court entered judgment upon the jury verdict and awarded McGregor the sum of $10,000.00 actual damages and $15,000.00 exemplary damages. The trial court overruled Tandy's motions for directed verdict, judgment non obstante verdicto, remittitur and motion for new trial. Appellant has perfected its appeal to this court and submits twenty-two points of error for our consideration.

■ Appellant's points of error 4, 7, 8, 9, 10, 13 and 15 related to objections to the court's charge, will not be considered because such objections were not reduced to writing and presented to the trial court in compliance with Rules 272 and 386, Tex.R. Civ.P. Tandy's failure to present such objections in writing to the trial judge for endorsement of his rulings and official signature within sixty days after rendition of judgment or date of order overruling motion for new trial was fatal to having the appellate court consider Tandy's points of error related thereto because the trial court had lost jurisdiction of the case. Further, appellant has not shown good cause for its failure to timely file its written objections to the court's charge. *Commercial Standard Insurance Company v. Southern Farm Bureau Casualty Insurance Company,* 509 S.W.2d 387 (Tex.Civ.App. Corpus Christi 1974, no writ).

The pertinent facts related to the disposition of this case are as follows:

On December 17, 1969, a worthless check in the sum of $104.20 bearing the printed name of Don McGregor, his Dallas address and signed "Don McGregor" was issued to Radio Shack, one of Tandy's stores. When the check was presented for the payment of merchandise to the salesperson at the Radio Shack store, the temporary driver's license of a Don McGregor was presented for identification and that number was recorded on the back of the check along with a description of the person passing the check. The salesperson accepting the check, Kendall Tatum, verified the authenticity of the signature on the check by comparing it with that on the temporary driver's license and then took the check to the store manager for his approval. The check was approved by the store manager, Richard I. Ware, and accepted as payment for the merchandise. McGregor testified that on the Monday following the theft of his checks and wallet, he called the Northwest National Bank and reported the theft and asked the bank not to honor any checks not authorized or executed by him. The check in question was deposited for collection on more than one occasion and each time the check was re-

turned marked "Insufficient Funds," as distinguished from any other reason for the check being returned such as unauthorized signature or a stop payment notice. On January 4, 1970, Mr. Ware, the store manager, attempted to contact McGregor by telephone at his home regarding the bad check, but was advised by McGregor's father, who answered the telephone, that McGregor no longer lived there but he expected to see McGregor in a few days and would pass on the information regarding the bad check to appellee. When Mr. Ware had received no advice or contact from McGregor by January 8, 1970, he forwarded a certified letter, return receipt requested, to McGregor at his last known address requesting him to contact Mr. Ware within ten days regarding the bad check. Subsequently, the return receipt from the certified letter to McGregor was received by Mr. Ware showing that the letter had been delivered to plaintiff's address. Mr. Ware testified that on January 27, 1970, he prepared a standard complaint form furnished to him by the District Attorney's Office for "hot" check offenses and sent this to the District Attorney's Office with the check and other information.

On April 30, 1970, Mr. Ware received a letter from Tim Banner, an attorney representing McGregor, advising Mr. Ware that McGregor's checkbook was stolen from him on the 6th day of December 1969 and that McGregor did not write a check to Radio Shack. On the same date, Mr. Ware forwarded Banner's letter to the District Attorney's Office with the notation, "This is for your information. If it is necessary for me to come to your office personally to file the charges please notify me of same. Thanks." The Dallas County Grand Jury in June 1970 indicted McGregor and a warrant was issued for his arrest. McGregor was arrested in August 1970 and was placed in jail until he could make bond some six days later. On March 22, 1972, the case against McGregor was dismissed on motion of the District Attorney when it was determined that McGregor could not be identified by any of appellant's employees as the person who actually passed the worthless check. After the criminal charges were dismissed, McGregor filed suit against appellants.

■ Nowhere does appellee McGregor complain that the warrant by which he was arrested was insufficient in form or was not issued by a court or official having jurisdiction to issue it. "It is a complete defense to an action for false imprisonment that the arrest or detention was by virtue of process, legally sufficient in form, and duly issued by a court or official having jurisdiction to issue it." 35 C.J.S. False Imprisonment Sec. 27, p. 660. The presumption is that the warrant under which McGregor was arrested was valid in form, issued by competent authority on a sufficient complaint. The burden of proof was upon McGregor on his count of false imprisonment to show by a preponderance of the evidence that his detention was not under valid process. 35 C.J.S. False Imprisonment Sec. 27, supra; 25 Tex.Jur.2d, False Imprisonment, Sec. 33, p. 266; 32 Am.Jur.2d, False Imprisonment, Sec. 37, p. 102; *Pate v. Stevens,* 257 S.W.2d 763 (Tex.Civ.App. Texarkana 1953, writ dism'd); *Rader v. Parks,* 258 S.W.2d 728 (Kentucky Ct. of App.1953).

■ In *J. C. Penney Company v. Duran,* 479 S.W.2d 374 (Tex.Civ.App. San Antonio 1972, writ ref'd n. r. e.) it is stated that, "The essential elements of false imprisonment are: (1) a willful detention of the person; (2) a detention without authority of law; and (3) a detention against the consent of the party detained." The essential lacking in the present case is "a detention without authority of law," because it is undisputed that McGregor was detained as a result of a warrant issued for his arrest following his indictment by the Dallas County Grand Jury. Appellants were entitled to an instructed verdict as well as a judgment notwithstanding the verdict as related to the count of false imprisonment because there was no evidence that McGregor was detained without authority of law. Likewise, we find there was no evidence of an abuse of process.

"Abuse of legal process consists in the malicious misuse or misapplication of that process to accomplish some purpose not warranted or commanded by the writ. In brief, it is the malicious perversion of a regularly issued civil or criminal process, for a purpose and to obtain a result not lawfully warranted or properly attainable thereby, and for which perversion an action will lie to recover the pecuniary loss sustained." 1 Am.Jur.2d, Abuse of Process, Sec. 1, p. 250.

■ An action for abuse of process presupposes an originally valid and regular process, duly and properly issued. 72 C.J.S. Process Sec. 120(c), p. 1194. In *J. C. Penney Company v. Gilford*, 422 S.W.2d 25, 31 (Tex. Civ.App. Houston 1st. Dist. 1967, writ ref'd n. r. e.), the court set out the following elements of an actionable cause for abuse of process, which are as follows: "The elements of an action for abuse of process are stated to be: (1) that the defendant made an illegal, improper, perverted use of the process, a use neither warranted nor authorized by the process, and (2) that the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of process, and (3) that damage resulted to the plaintiff from the irregularity. 1 Am.Jur.2d, Abuse of Process, Sec. 4." There is at least one Texas case which states that "want of probable cause" is an essential element to a cause of action for abuse of process. *Robert & St. John Motor Co. v. Bumpass*, 65 S.W.2d 399 (Tex.Civ. App. Eastland 1933, writ dism'd). See also 1 Am.Jur.2d, Abuse of Process, Sec. 6, p. 254 and footnote No. 4 on p. 255 for a collection of cases holding that malice and want of probable cause are essential elements of the cause of action.

■ It was then stated in *Gilford,* supra, that "While it might be argued on respected authority that procuring the issuance of a warrant of arrest and the subsequent arrest of one for the purpose of extorting the payment of money to the one so procuring the warrant by the one arrested would

constitute a sufficient basis for the action of abuse of process, ibid., Sec. 12, we are committed to the view that an action for abuse of process cannot be maintained where the process was employed to perform no other function than that intended by law. The mere issuance of process is not actionable as an abuse of process. There must be use of the process, and that use must of itself be without the scope of the process, and, hence, improper. *Blackstock v. Tatum*, 396 S.W.2d 463 (Tex.Civ.App. Houston 1965, n. w. h.)."

We have concluded that the trial court did not submit any special issues related to abuse of process, nor was abuse of process established as a matter of law. On the contrary, the evidence fails to support any judgment for abuse of process. There being no evidence of abuse of process, the trial court should have granted appellant's motion for instructed verdict and its motion for judgment notwithstanding the verdict.

The judgment of the trial court is reversed and judgment is here rendered that appellee Donald L. McGregor, take nothing.

### ON MOTION FOR REHEARING

■ This case was transferred from the Court of Civil Appeals for the Fifth Supreme Judicial District at Dallas to the Court of Civil Appeals for the Sixth Supreme Judicial District at Texarkana on an equalization of dockets by the Supreme Court of Texas pursuant to Article 1738, Tex.Rev.Civ.Stat.Ann. Appellee, Donald L. McGregor, filed his motion to dismiss the appeal in the Court of Civil Appeals for the Fifth Supreme Judicial District asserting that appellant Tandy had not properly perfected its appeal because the transcript of the record did not include Tandy's original motion for new trial. The motion was overruled by the Court of Civil Appeals for the Fifth Supreme Judicial District at Dallas. This Court concurs in that ruling. We hold that appellant timely perfected its appeal. The transcript contains Tandy's amended motion for new trial which bears a notation

by the District Clerk of Dallas County that the original motion for new trial was filed on April 26, 1974, which was within ten days from April 18, 1974, the date of the judgment of the trial court. Our Supreme Court in an effort to cut the costs and time in perfecting an appeal has entered an order related to the preparation of a transcript pursuant to Rule 376–a, Tex.R.Civ.P., stating in part the following: "Where a pleading has been substituted by the filing of an amended pleading, all pleadings prior to the amendment are classed as discarded pleadings and shall not be included in the transcript unless specially requested by counsel." It will be presumed that the notation by the District Clerk on the amended pleadings included in the transcript as to the date of the filing of original pleadings is the correct date unless the contrary is shown upon the face of the record or by other methods provided by the Rules of Civil Procedure. Had appellee wanted to seriously contest the jurisdiction of this Court on the basis that appellant's original motion for new trial was not timely filed, he could have requested that the transcript include the original motion for new trial and thus disclose to this Court the date of the filing of the original motion. Rule 376, Tex.R.Civ.P. The same could have been done by supplemental transcript. Rule 428, Tex.R.Civ.P.

We have examined appellee's other assignments of error and find them unpersuasive.

Appellee's motion for rehearing is overruled.