Frank C. SMITH and Emily N. Smith,
Appellants/Cross–Appellees,

v.

James E. STOKES and Bertha E.
Stokes, Appellees/Cross–
Appellants.

Nos. 2000–CA–000352–MR,
2000–CA–000424–MR.

Court of Appeals of Kentucky.

April 27, 2001.

Eugene Goss, Goss & Goss, Harlan, KY., for Appellants and Cross–Appellees.

Glenn L. Greene, Jr., Harlan, KY., for Appellees and Cross–Appellants.

Before BUCKINGHAM, JOHNSON, and TACKETT, Judges.

*OPINION*

TACKETT, Judge:

Frank and Emily Smith appeal the judgment of the Harlan Circuit Court finding that they falsely imprisoned James Stokes and awarding him damages for the same. Stokes and his wife, Bertha, also appeal the judgment claiming that the damages awarded were insufficient and that the circuit court improperly established a boundary between their property and that of the Smiths. We reverse in part and affirm in part.

In August 1993, the Stokeses and the Smiths were embroiled in a land dispute concerning the boundaries of their respective properties. While this matter was pending in Harlan Circuit Court, James Stokes allegedly cut some timber on a portion of the disputed land. Frank Smith responded by filing a criminal complaint against James Stokes for trespass and theft. Although it is alleged Smith requested a peace bond, a warrant for Stokes' arrest was issued. Stokes was arrested September 12, 1993, and detained for a few hours at the Harlan County Jail before his release.

In December 1996, the Stokeses filed suit against the Smiths claiming damages for false arrest and imprisonment, trespass, the tearing down of a fence, and expenditures related to defending against the criminal charges Frank Smith had filed against James Stokes. Although the property suit had concluded, and the Stokeses were judged to be the owners of the disputed land, the criminal charges regarding the cut timber were still pending in Harlan District Court. At the bench trial *sub judice*, the Smiths moved for a dismissal of the false imprisonment claim due to the expiration of the statute of limitations. The circuit court took the matter under advisement and, at the conclusion of the trial, ultimately found the Smiths liable for false imprisonment of James and dismissed all other claims. Further, the Stokeses were awarded $1,500.00 compensatory damages and $1.00 punitive damages.

Kentucky Revised Statute 413.140 provides that actions for false imprisonment and malicious prosecution must be filed within one year of the date the cause of action accrued. The Stokeses maintain that the cause of action did not accrue until after they were adjudged owners of the disputed land in September 1996. The Smiths argue that the cause of action accrued on the date James was arrested, imprisoned, and released in 1993. "Public policy requires that all persons be able to freely resort to the courts for redress of a wrong, and the law should and does protect them when they commence a civil or criminal action in good faith and upon reasonable grounds." *Raine v. Drasin*, Ky., 621 S.W.2d 895, 899 (1981). Therefore, the prerequisites for claims of this nature must be strictly enforced.

At trial, the Stokeses reiterated that their claim was for false imprison-

ment, rather than malicious prosecution. The distinction between the two causes of action may be stated as follows:

> An action for false imprisonment may be maintained where the imprisonment is without legal authority. But, where there is a valid or apparently valid power to arrest, the remedy is by an action for malicious prosecution. The want of lawful authority is an essential element in an action for false imprisonment. Malice and want of probable cause are the essentials in an action for malicious prosecution.

*SuperX Drugs of Kentucky, Inc. v. Rice,* Ky.App., 554 S.W.2d 903 (1977), *quoting Roberts v. Thomas,* 135 Ky. 63, 121 S.W. 961, 962 (1909). There has been no effort by the Stokeses to dispute the validity of the warrant issued for James's arrest. The Stokeses are essentially claiming that James was falsely accused of criminal trespass and theft because the land upon which he cut the timber was ultimately determined to be his and Bertha's at some point later. "If [James] had been falsely accused and the false accusation set in motion the events leading to his ultimate arrest and imprisonment, his sole remedy was an action for malicious prosecution," and not false imprisonment. *Rader v. Parks,* Ky., 258 S.W.2d 728, 729 (1953). Therefore, the circuit court erred, as a matter of law, in finding that the Smiths were liable for falsely imprisoning James.

█ █ Moreover, even if the Stokeses had not reiterated at trial that their claim was for false arrest and not malicious prosecution, they still could not have prevailed in an action for malicious prosecution. One of the threshold requirements for a malicious prosecution claim is that the litigation must have terminated in favor of the party who is pursuing the claim. *Raine, supra.* In this case, the civil suit to quiet title had concluded in favor of the

Stokeses. However, James was arrested pursuant to a criminal complaint made against him by Frank Smith, and these charges were still pending in the Harlan District Court when the circuit court tried the false imprisonment claim. Because we have determined that the Smiths were not liable for false imprisonment, it is unnecessary to discuss the Stokeses' claim that their awarded damages were insufficient.

█ Finally, the Stokeses appeal the circuit court's designation of the boundary between their property and that of the Smiths. The Stokeses argue that the boundary question had been settled in a previous action between the parties and that the prior judgment was conclusive under *Creech v. Jackson,* Ky., 375 S.W.2d 679 (1964). At the conclusion of the present case, the circuit court offered to drive stakes showing the line separating the parties' property which the court had already determined in the prior action to quiet title. The parties agreed to this procedure, shared survey costs, signed a judgement incorporating the boundary line, and voiced no objection to the circuit court's actions. Therefore, any objection that the Stokeses may have had to the portion of the judgement which incorporates the boundary line was waived by their own inaction to preserve it on appeal.

For the forgoing reasons, the portion of the judgment of the Harlan Circuit Court finding the Smiths liable for false imprisonment of James Stokes and awarding damages in the amount of $1,501.00 is reversed and the matter is remanded for further proceedings consistent with this opinion. The remaining portions of the judgment are affirmed.

ALL CONCUR.