Jose B. AVALOS, Jr., Appellant,

v.

Edward MEJIA, et al., Appellees.

No. 13–89–237–CV.

Court of Appeals of Texas,
Corpus Christi.

April 12, 1990.

Jon J. Kelly, Corpus Christi, for appellant.

William A. Abernethy, Clay E. Coalson, James F. McKibben, Jr., Carlos Villarreal, Bradford M. Condit, Corpus Christi, for appellees.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

OPINION

NYE, Chief Justice.

Appellant, Joe B. Avalos, Jr., filed suit against appellees Edward Mejia, Joe Guerra, Rodolfo Chavera, J.B. Talley, Jr., Robert Contreras, individually and in their official capacities as Robstown police officers, Robert Alvarez, individually and in his official capacity as a Nueces County deputy sheriff, and the City of Robstown. Appellant alleged several causes of action against appellees including an assertion of false imprisonment. The trial court granted instructed verdicts favorable to appellees. We will affirm the trial court's judgment.

Appellant, in three points of error, complains the trial court erred in granting

the instructed verdicts because material fact issues exist concerning his false imprisonment allegation. In determining whether the trial court correctly instructed verdicts favorable to appellees, we are required to review the evidence most favorable to the losing party in the trial court, to indulge against the judgment every inference that may be drawn from the evidence and to disregard all contrary evidence thereto. *Seideneck v. Cal Bayreuther Associates*, 451 S.W.2d 752, 753 (Tex.1970); *In re K.D.R.*, 590 S.W.2d 176, 177 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n.r. e.). If, after having viewed the evidence in accordance with this rule, the evidence has any force of probative value, an issue of fact is raised and we must hold the instructed verdicts improper. *White v. White*, 172 S.W.2d 295, 296 (Tex.1943); *In re K.D.R.*, 590 S.W.2d at 178.

The evidence shows that on June 4, 1983, Officers Mejia, Guerra, Chavera, Talley, Contreras and Alvarez executed a search warrant. This warrant described the places to be searched as appellant's barber shop and pickup. The officers entered the barber shop during business hours. Talley conducted a weapons' search on appellant and found nothing. Afterwards, Mejia searched appellant and allegedly discovered heroin inside his shirt pocket. Talley searched appellant's pickup and allegedly found forty captagon tablets.[1] Appellant was arrested and released on bond. According to Officer Talley, the search warrant did not specify the time period in which appellant had been observed with the alleged heroin; therefore, no charges were filed against appellant.

Appellant argues that a fact issue is raised concerning the elements of his false imprisonment allegation because he did not possess any controlled substance on his person during the search. He contends that Officer Mejia planted the heroin on him, and that this illegal conduct led to his arrest and confinement. We disagree.

Appellant had the burden of proof to show by a preponderance of the evidence that his detention was not under valid process. *Tandy Corp. v. McGregor*, 527 S.W.2d 246, 248 (Tex.Civ.App.—Texarkana 1975, writ ref'd n.r.e.). Nowhere does appellant complain that the warrant by which he was searched was insufficient in form or was not issued by a court or official having jurisdiction to issue it. If an arrest or detention is executed under process which is legally sufficient in form and duly issued by a court of competent jurisdiction, a cause of action for false imprisonment will not lie. *James v. Brown*, 637 S.W.2d 914, 918 (Tex.1982). Our Code of Criminal Procedure says that a search warrant is sufficient if it contains the following requisites: that it run in the name of "The State of Texas;" that it identify, as near as may be, that which is to be seized and name or describe, as near as may be, the person, place or thing to be searched; that it command any peace officer of the proper county to search forthwith the person, place, or thing named; and, that it be dated and signed by a magistrate. Tex.Code Crim. Proc.Ann. art. 18.04 (Vernon 1977). Here, the search warrant indicated that heroin was to be seized and satisfied all of the remaining criteria set forth in article 18.04.

Civil liability for false arrest or imprisonment is imposed for the wrongful interference with a person's freedom. The key elements of a false imprisonment cause of action are: (1) willful detention; (2) without consent; and (3) without authority of law. *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex.1985); *Montgomery Ward & Co. v. Garza*, 660 S.W.2d 619, 621 (Tex.App.—Corpus Christi 1983, no writ).

Appellees, pursuant to a search warrant, detained appellant during the search. They allegedly discovered heroin in his shirt pocket and captagon in his pickup. Assuming for the sake of argument that appellees had planted the heroin on appellant, they still could have arrested and detained him due to his alleged posses-

---

1. According to Officer Mejia, captagon is an amphetamine and a controlled substance. Appellant did not have a prescription for this drug

on his person at the time he was taken into custody.

sion of the captagon. We conclude that the evidence does not raise a fact issue regarding whether appellant was detained without authority of law. The trial court did not err in granting instructed verdicts favorable to appellees. *See White*, 172 S.W.2d at 296; *In re K.D.R.*, 590 S.W.2d at 178. We overrule all of appellant's points of error.

The judgment of the trial court is AFFIRMED.