Norma Linda S. CANTU, Appellant,

v.

Anacleto BOTELLO, Appellee.

No. 13-93-407-CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 7, 1995.

L. Aron Pena, Edinburg, for appellant.

Robert L. Galligan, Jones, Galligan, Key, Weslaco, for appellee.

Before DORSEY, DALLY,[1] and SMITH,[2] JJ.

## OPINION

DORSEY, Justice.

Norma Linda Sanchez Cantu appeals the granting of summary judgment in favor of Anacleto Botello in Cantu's suit for false arrest and imprisonment. Botello was a police officer for the City of McAllen at the time of Cantu's arrest for unlawful delivery of marijuana. Botello moved for summary judgment which the trial court granted. We affirm.

Botello arrested Cantu on July 27, 1987, after a six week investigation which began when the McAllen United Parcel Service office called to report that one of the packages delivered to them contained marijuana. Mary Trevino, the UPS clerk, accepted the package from a woman she described as "very nervous," who was between 5'1" and 5'3" tall, approximately 195 pounds, with dark straight hair. The woman was thought to be in her 30's. Trevino noted the license plate number on the car the woman drove away. Botello checked the vehicle's license plate and found that the vehicle was registered to Armando Sanchez. He then located Mr. Sanchez's address and obtained the driver's license photographs for all the drivers at that address. Only one matched Trevino's description, that of Cantu.

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

Botello developed a photographic line-up using Cantu's driver's license photo and photographs of five other women who fit Trevino's description. Trevino selected Cantu's picture as that of the woman who brought in the package containing contraband. At the time of her arrest, Cantu was approximately 35 years old; she is 5'2", heavy-set and has straight dark hair.

After obtaining the line-up identification, Botello signed a written complaint against Cantu and obtained an arrest warrant for Cantu. Once Cantu learned of the warrant, through her father, Armando Sanchez, she turned herself in to the police, was arrested, booked, and detained several hours before being released on bail.

The charges against Cantu were eventually dismissed by the Hidalgo County District Attorney's office after Cantu notified the McAllen police that her father sold the car bearing the license plate Trevino copied several months before the package was delivered to UPS.

Cantu sued Botello for false arrest and imprisonment claiming that he was negligent and grossly negligent in his conduct of the investigation leading to her arrest. Botello moved for summary judgment on two grounds: that he had legal authority to arrest Cantu and that he is immune from suit because of official immunity. As proof, he attached Cantu's deposition, Trevino's deposition, City of McAllen police records, the pleadings, and his own affidavit which details his investigation, that it was performed within the scope of his duties as a police officer and conducted in good faith. Cantu responded to the motion, attaching her own affidavit and copies of documents from the car dealership purporting to show that the vehicle involved in the crime was sold several months before the crime. Those documents were not public records, certified copies, or otherwise authenticated. Botello objected to Cantu's proof.

We review a summary judgment in the light most favorable to the non-movant; all evidence favorable to the non-movant will be taken as true and all reasonable inferences must be indulged in favor of the non-movant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). The movant has the burden to show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Id.* A defendant is entitled to summary judgment if he can negate a single essential element of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970); *Niemann v. Refugio County Memorial Hosp.*, 855 S.W.2d 94, 96 (Tex.App.—Corpus Christi 1993, no writ); *Benavides v. Moore*, 848 S.W.2d 190, 195 (Tex.App.—Corpus Christi 1992, writ denied).

False arrest is an intentional tort which consists of: 1) willful detention of the plaintiff; 2) without her consent; and 3) without authority of law. *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985) (per curiam). There is no dispute that Cantu was wilfully detained without her consent, however, Botello claims that his authority to arrest Cantu is established by the arrest warrant. We agree. A valid warrant is an absolute bar to a claim of false arrest. *James v. Brown*, 637 S.W.2d 914, 918 (Tex. 1982).

Appellant urges, by two points of error, that the summary judgment was improper because there are issues of material fact as to whether Botello acted with deliberate indifference to Cantu's rights. Appellant claims that Botello's "shoddy investigation" and suggestive photographic line-up are some proof that Botello did so. However, if the arrest is made pursuant to a valid warrant duly issued by a magistrate upon a showing of probable cause, the mental state of the investigating or arresting officer is immaterial.

Although several grounds for summary judgment were stated in the motion, the summary judgment was granted generally. In such a situation, the summary judgment will be upheld if it was proper on any basis presented to the trial court. *Benavides*, 848 S.W.2d at 192. Botello's proof established as a matter of law the legal justification for Cantu's arrest. We overrule appellants first and second points of error.

The JUDGMENT is AFFIRMED.